**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-155-DLB**

**LUCIA DEL VALLE VASQUEZ-GONZALEZ**                    **PETITIONER**

**v.**                    **MEMORANDUM ORDER**

**JAMES A. DALEY, et al.,**                    **RESPONDENTS**

* * * * * * * * * *

This matter is before the Court on Petitioner Lucia Del Valle Vasquez-Gonzalez's Motion to Enforce (Doc. # 10). On April 9, 2026, Vasquez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1). In her Petition, Vasquez argued that she was being wrongly detained at the Campbell County Detention Center and requested that the Court order her immediate release or, alternatively, that she receive a bond hearing before an Immigration Judge ("IJ"). (*Id.* at 28).

On May 6, 2026, this Court granted Vasquez's Petition, ordering Respondents to immediately release Petitioner or, in the alternative, provide her with a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. # 8 at 22). On May 11, 2026, Respondents filed a Status Report notifying the Court that a bond hearing was held on that same day before IJ Kelly Johnosn. (Doc. # 9 at 1). The Status Report included a copy of the IJ's Order denying bond. (Doc. # 9-1).

On May 18, 2026, Petitioner filed the instant Motion to Enforce, arguing that the government failed to provide a constitutionally adequate bond hearing in violation of this Court's order. (Doc. # 10 at 1). Specifically, Vasquez claims that her bond hearing was

1

unconstitutional because "IJ Johnson was not a neutral adjudicator, and he did not place the burden of proof on the government[.]" (*Id.* at 11). Accordingly, Vasquez requests that this Court "enforce the writ of habeas corpus and order her immediate release." (*Id.*).

Vasquez first argues that an enforcement order is appropriate because IJ Johnson was not a neutral decisionmaker. Her claim stems from three sources. First, she points to IJ Johnson's 97.58% bond denial rate as "the highest in the country" among IJs. (*Id.* at 5). This track record, she argues, "demonstrates that he is not a neutral adjudicator in bond proceedings." (*Id.*). Second, she argues that the merits of her own bond hearing demonstrate that IJ Johnson lacked neutrality. (*Id.*). Vasquez alleges that the Department of Homeland Security ("DHS") never explicitly argued why she posed a flight risk and did not file a written brief or present closing argument on that point. (*Id.*). Finally, she argues that IJs face pressure to deny bond from senior executive branch officials. (*Id.* at 8). And she claims that "[n]o adjudicator can remain impartial when faced with the choice between upholding due process and keeping their coveted position." (*Id.*).

Based on the record, Vasquez has failed to establish that IJ Johnson was not a neutral decisionmaker. The mere fact that IJ Johnson has a high bond-denial rate cannot establish that he lacks neutrality. Even accepting that he denies bond at a higher rate than most IJs, the Court is unable to conclude that these denials resulted from a bias against petitioners, rather than the facts at play in each case. Similarly, the fact that DHS could have more clearly articulated its flight risk theory does not preclude IJ Johnson's conclusion that the evidence DHS presented established that Vasquez posed a flight risk. Indeed, DHS examined Vasquez, probing her criminal history, work history, and living situation. (*See* Doc. # 10-2 at 4-10). And IJ Johnson evidently considered this evidence

2

in reaching his conclusion. (*See* Doc. # 10-3 at 2-3). Finally, the Court disagrees that administrative pressures within the Department of Justice have vitiated IJs' ability to adjudicate bond determination hearings in a neutral manner.

Vasquez's second argument—that IJ Johnson did not place the burden of proof on the government—also fails. This Court has repeatedly held that in a custody redetermination hearing, the government bears the burden of proof by clear and convincing evidence. *See* Order at 1, *Jewenti v. Olson*, No. 26-cv-121-DLB (E.D. Ky. Apr. 30, 2026) ("Under a plain reading of the Court's Order . . . Petitioner [] is entitled to a constitutionally adequate bond hearing in which **the government bears the burden of proving Petitioner is either a danger to the community or a flight risk by clear and convincing evidence**.") (emphasis in original); *Id*. ("Indeed, this Court's interpretation of the burden of proof is well established in district courts and circuits across the country.") Order at 9, *Penott Rodriquez v. Fields*, No. 2:26-cv-117-DLB (E.D. Ky. May 5, 2026) ("This Court once again reiterates that the government bears the burden in a custody redetermination hearing."). However, in those cases, the Court granted the petitioner's motion to enforce after a review of the record clearly showed that the IJ explicitly declined to make a finding regarding which party bore the burden of proof. Here, by contrast, IJ Johnson clearly states—orally at the hearing and in his written Order—that Respondents bore the burden of proof. (*See* Docs. # 10-2 at 2-3; # 10-3 at 2). DHS then proceeded to offer evidence in the form of Vasquez's testimony. (Doc. # 10-2 at 4-10).

Vasquez has failed to show that IJ Johnson "erred because the evidence itself could not, as a matter of law, have supported the adjudicator's conclusion." (Doc. # 10 at 9 (citing *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)). On the

3

contrary, DHS elicited testimony from Vasquez regarding her living situation, criminal history, and work history. (Doc. # 10-2 at 4-10). And IJ Johnson highlighted Vasquez's equivocation and ambiguity as to her proposed place of residence upon release in deciding that she posed a flight risk. (Doc. # 10-3 at 3). This is not a case where DHS put forward no evidence whatsoever upon which the IJ could rely. Crucially, in determining whether IJ Johnson could *possibly* conclude from the evidence before him that Vasquez posed a flight risk, the Court must scrupulously avoid passing judgment on his discretionary weighing of that evidence. *See* 8 U.S.C. § 1226(e).

Likewise, Vasquez fails to show that IJ Johnson's Order, on its face, demonstrates that he "simply did not apply the correct standard to the facts." (Doc. # 10 at 9 (citing *Hechavarria*, 358 F. Supp. 3d at 240)). Rather, IJ Johnson's Order states just the opposite—that he placed the burden on the government. (Doc. # 10-3 at 2). As discussed above, the government proceeded to present evidence in the form of Vasquez's testimony. After evaluating this evidence, IJ Johnson deemed it sufficient to conclude by clear and convincing evidence that Vasquez posed a flight risk. (*Id.*). The Court cannot conclude from the face of IJ Johnson's Order that he applied the wrong standard.

Accordingly, for the reasons set forth herein, **IT IS ORDERED** as follows:

(1)     Petitioner's Motion to Enforce Judgment (Doc. # 10) is **DENIED**; and

(2)     This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 21st day of May, 2026.



Signed By:
David L. Bunning
Chief United States District Judge

4